UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-585 DMG (AGRx)** | Date | April 15, 2016 |
|---|---|---|---|

| Title | ***MNP Properties LLC v. Travelers Property Casualty Company of America, et al.*** | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2015, Plaintiff MNP Properties, LLC filed a complaint against Defendants Travelers Property Casualty Company of America and Elvin Gomez, alleging:  (1) breach of contract against Travelers; (2) breach of the implied covenant of good faith and fair dealing against Travelers; (3) violations of the Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.* against Travelers and Gomez; and (4) negligent misrepresentation against Gomez.  [Doc. # 1-1.]  On January 27, 2016, Defendant Travelers Casualty Insurance Company of America ("Travelers") removed this action from Los Angeles Superior Court.  [Doc. #1.]  On February 2, 2016, Travelers filed a stipulation allowing Plaintiff MNP Properties, LLC ("MNP") to file a first amended complaint ("FAC").  [Doc. #10.]  On February 10, MNP filed a FAC.  [Doc. #11.]

According to the FAC, MNP is the owner of a commercial property that suffered significant water damage.  (FAC ¶ 9.)  MNP submitted a claim to Travelers, seeking coverage for the loss.  (*Id.* ¶ 11.)  MNP alleges that Travelers failed to conduct a fair investigation of the claim before denying coverage.  (*Id.* ¶ 12.)  MNP alleges that Gomez, the insurance adjuster assigned to the claim, misrepresented that the loss was not covered under the policy and that the loss was actually caused by a long-term water leak.  (*Id.* ¶ 33.)

On February 26, 2016, MNP filed a motion to remand ("MTR") this action to Los Angeles County Superior Court.  [Doc. #13.]  On February 29, 2016, Travelers filed a motion to dismiss ("MTD") MNP's third cause of action for failure to state a claim. [Doc. #14.]  On April 1. 2016, Travelers filed its opposition to MNP's MTR.  [Doc. #21.]

**II.**

UNITED STATES DISTRICT COURT          **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-585 DMG (AGRx)** | Date | April 15, 2016 |
|---|---|---|---|

| Title | *MNP Properties LLC v. Travelers Property Casualty Company of America, et al.* | Page | 2 of 5 |
|---|---|---|---|

## LEGAL STANDARD

**A.      Removal**

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (internal quotation marks omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted.)

**B.      Diversity Jurisdiction**

A federal court has diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

**C.      Fraudulent Joinder**

An "exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Id.*

A joinder is fraudulent when "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted). The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). "Furthermore, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-585 DMG (AGRx)** | Date | April 15, 2016 |
|---|---|---|---|

| Title | ***MNP Properties LLC v. Travelers Property Casualty Company of America, et al.*** | Page | 3 of 5 |
|---|---|---|---|

technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (internal quotation marks omitted).

**III.**
**DISCUSSION**

Travelers is a Connecticut corporation.[1]  MNP alleges that MNP and Gomez are both citizens of California, thereby destroying complete diversity of parties. (FAC ¶¶ 1-3.) Travelers asserts that Gomez' citizenship should be ignored because Gomez was fraudulently joined solely for the purpose of defeating diversity jurisdiction.  (Removal, at 4.)

Travelers contends that Gomez was fraudulently joined because:  (1) the only remedies available to MNP under the third cause of action, violation of the UCL, are injunctive relief and restitution, and the FAC contains no allegations entitling MNP to injunctive relief or restitution; and (2) the fourth cause of action, negligent misrepresentation, fails as a matter of law because "MNP cannot allege nor show that it justifiably relied on any of Gomez's communications to MNP's counsel that took place when MNP was already disputing Travelers' coverage decision." (Opp. at 1, 2.)

Travelers has failed to establish that Gomez was fraudulently joined.  Travelers mainly attacks the sufficiency of MNP's claims as currently pleaded in the FAC.  Travelers, however, must demonstrate that MNP would be unable to cure these deficiencies through amendment in order to meet its "heavy burden of persuasion."  *See Padilla*, 697 F. Supp. 2d at 1159.  Because the "scope of conduct covered by the UCL is broad," even assuming, *arguendo*, that the FAC contains no allegations entitling MNP to injunctive relief or restitution, Travelers has failed to establish that MNP could not possibly amend the FAC to state a viable claim under California Business and Professions Code § 17200 or other law.  *See, e.g.*, *Gopp v. Legion Ins. Co*., No. C01-0539 WHA, 2001 WL 1112155, at *3 (N.D. Cal. Sept. 10, 2001) ("A cause of action for conspiracy will lie against agents and employees of insurers even though the former are not parties to the agreement of insurance when they join the insurer in a conspiracy to defraud the insured.").

---

[1] The FAC alleges that Travelers is a California corporation.  (FAC ¶ 2.)  This appears to be an error, as both parties proceed under the assumption that Travelers is a Connecticut corporation, and the relevant insurance policy lists a Connecticut address for Travelers.  (FAC, Ex. A.)

UNITED STATES DISTRICT COURT        **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-585 DMG (AGRx)** | Date | April 15, 2016 |
|---|---|---|---|

| Title | ***MNP Properties LLC v. Travelers Property Casualty Company of America, et al.*** | Page | 4 of 5 |
|---|---|---|---|

Travelers has also failed to demonstrate that MNP's claim for negligent misrepresentation fails as a matter of law. "The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Bock v. Hansen*, 225 Cal. App. 4th 215, 231, 170 Cal. Rptr. 3d 293, 304 (2014). In *Bock*, the court found that plaintiff insureds justifiably relied on their insurance adjuster's representations: "Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions." *Id.* at 232.

Here, Travelers made its initial coverage determination in December 2014. (Declaration of Elvin Gomez ("Gomez Decl.") ¶ 5 [Doc. #21-2].) Counsel for MNP conducted an investigation of the loss and submitted a request for reconsideration of the coverage denial. (Opp. at 13.) As a result of MNP's dispute with Travelers regarding the coverage determination, Gomez was assigned to the case in June 2015. (*Id.* ¶¶ 3-5.) According to Travelers, after Gomez was assigned to the case, "Gomez thereafter simply confirmed in writing to [counsel for MNP] . . . that Travelers would stand on its prior determination and not issue further payment to MNP for the Claim." (Opp. at 11.) Travelers contends that, because "MNP did not agree with Travelers' determination based on the investigation conducted by MNP's own counsel, MNP, unlike the insured in *Bock*, had reason to believe any representation by Gomez was false or not completely true," and therefore could not justifiably rely on Gomez's representations. (Opp. at 11.)

This argument fails, however, because even if MNP had "reason to believe" Travelers' initial determination was false, it does not necessarily follow that MNP's reliance on a subsequent representation is per se unreasonable. Travelers would essentially have this Court rule that an insured who disagrees with an initial coverage determination can never justifiably rely on a subsequent determination made by an adjuster. The Court declines to adopt this rule in the present case, especially because the Court disagrees with Travelers' characterization of Gomez's email as a simple "confirmation." In the email, Gomez not only acknowledged MNP's prior arguments regarding the claim but also cited additional policy provisions, i.e., applicable water damage exclusions, in support of his decision to deny coverage. (Declaration of Elvin Gomez, Exh. 5 [Doc. #21-2].) In light of Gomez's written explanation of these policy terms, Travelers has not demonstrated that MNP "had absolutely no right to rely" on Gomez's representations.

UNITED STATES DISTRICT COURT          **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-585 DMG (AGRx)** | Date | April 15, 2016 |
|---|---|---|---|

| Title | ***MNP Properties LLC v. Travelers Property Casualty Company of America, et al.*** | Page | 5 of 5 |
|---|---|---|---|

  Because Travelers has not demonstrated that Gomez was fraudulently joined, Gomez's California citizenship must be considered for the purpose of determining diversity citizenship. Given that MNP and Gomez are both citizens of California, this Court does not have diversity jurisdiction over this action.

**IV.**
**CONCLUSION**

  In light of the foregoing, this action is **REMANDED** to the Los Angeles County Superior Court.  Travelers' motion to dismiss [Doc. # 14] is **DENIED** without prejudice and the April 22, 2016 hearing is **VACATED**.

**IT IS SO ORDERED.**